IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF SOUTH CAROLINA

MARK FITZHENRY, individually and on behalf of a class of all persons and entities similarly situated,

   Plaintiff

vs.

LILY MANAGEMENT AND MARKETING COMPANY, LLC d/b/a USA VACATION STATION and WESTGATE RESORTS, LTD.

   Defendants

Case No. 2:14-cv-3866

**PLAINTIFF'S ANSWER TO COUNTERCLAIM OF WESTGATE RESORTS, LTD.**

  Plaintiff Mark Fitzhenry ("Mr. Fitzhenry") hereby responds as follows to the Counterclaim of Westgate Resorts, Ltd. ("Westgate")

  1. Plaintiff denies that Westgate has suffered any damages, that Plaintiff has committed any wrongdoing or that the Counterclaim of Westgate properly states a cause of action, but admit that Westgate purports to state claims for abuse of process and violations of South Carolina's Unfair Trade Practices Act (S.C. Code Ann. §§39-5-20 *et seq.*)

  2. Plaintiff admits the allegations in this paragraph.

  3. Plaintiff denies that he is conducting business in the State of South Carolina as alleged by Westgate in its counterclaim with respect to a TCPA business, but admits that he is a resident of this District.

4.      Plaintiff denies that Westgate has suffered any damages, that Plaintiff has committed any wrongdoing or that the Counterclaim of Westgate properly states a cause of action, but admit that Westgate purports to state claims for abuse of process and violations of South Carolina's Unfair Trade Practices Act (S.C. Code Ann. §§39-5-20 *et seq.*), but admit that jurisdiction and venue are proper in this District.

5.      Plaintiff denies that Westgate has suffered any damages, that Plaintiff has committed any wrongdoing or that the Counterclaim of Westgate properly states a cause of action, but admit that Westgate purports to state claims for abuse of process and violations of South Carolina's Unfair Trade Practices Act (S.C. Code Ann. §§39-5-20 *et seq.*), and denies that the Counterclaim is inextricably intertwined with Fitzhenry's claims under the TCPA as Counterclaim is baseless, denies that he "manufactured" the class action against Westagte as he did nothing to induce Westgate's agent to place an illegal prerecorded telephone call to him or that he seeks to "extort" an individual settlement from Westgate.  All remaining allegations are denied.

6.      Plaintiff denies the allegation in paragraph 6 that he is a "professional" plaintiff. Mr. Fitzhenry admits he is knowledgeable about the TCPA and has experience in TCPA litigation, and avers contrary to Westgate's apparently derogatory use of the term "professional" his knowledge supports rather than undermines his appointment as a class representative.

7.      Plaintiff denies the allegations in this paragraph.

8.      Plaintiff denies the allegations in this paragraph.

9.      Plaintiff denies the allegations in this paragraph.

10.     Plaintiff denies the allegations in this paragraph.

11. Plaintiff admits that he has a telephone recording system in his home, but denies the remaining allegations in this paragraph.

12. Plaintiff denies the allegations in this paragraph.

13. Plaintiff denies the allegations in this paragraph. Plaintiff conducted a legitimate investigation to discover the identity of the caller and whose goods were being marketed in violation of the TCPA.

14. Plaintiff admits that in order to identify telemarketers who repeatedly call his home, he has on occasion used names to keep telemarketers from denying that they had called his home previously, Plaintiff further denies that this is done to encourage calls, that it is deceptive or that telemarketers are being "set up" for litigation as they are the ones calling in violation of the TCPA. Plaintiff denies the remaining allegations in this paragraph.

15. Plaintiff denies that filing lawsuits is a business enterprise for his household for profit. Plaintiff admits that in the last 365 days, he has filed nine TCPA cases.

16. Plaintiff admits the allegations in this paragraph.

17. Plaintiff denies the allegations in this paragraph.

18. Plaintiff denies the allegations in this paragraph.

19. Plaintiff denies the allegations in this paragraph, particularly that he has an average "earnings" of $30,000 to $40,000, denies the insinuation that bringing TCPA constitutes a business enterprise, and avers that reporting proceeds of a TCPA case is dictated by the United States Revenue Code.

20. Plaintiff is without knowledge to formulate a response to the allegations in this paragraph.

21. Plaintiff denies the allegations in this paragraph.

22.     Plaintiff denies the allegations in this paragraph.

23.     Plaintiff denies the allegations in this paragraph—Defendant mischaracterizes the allegations in the Plaintiff's Complaint which speak for themselves

24.     Plaintiff admits that he inquired about the connection between Vacation Station and Westgate, and states that he was advised by the representative that Westgate had not yet been added to the website and otherwise denies the remaining allegations in this paragraph.

25.     Plaintiff admits that he conducted a legitimate investigation into the entity whose goods were being promoted by the illegal robo-call that he received and denies the allegations in this paragraph.

26.     Plaintiff admits that he conducted a legitimate investigation into the entity whose goods were being promoted by the illegal robo-call that he received and denies the remaining allegations in this paragraph.

27.     Plaintiff admits that he conducted a legitimate investigation into the entity whose goods were being promoted by the illegal robo-call that he received, and admits provided the name Mark Henry to ensure that the telemarketer could not deny having called him previously should they call again and denies that he committed credit card fraud and denies the remaining allegations in this paragraph.

28.     Plaintiff admits that he conducted a legitimate investigation into the entity whose goods were being promoted by the illegal robo-call that he received, denies he committed fraud and denies the remaining allegations in this paragraph.

29.     Plaintiff denies the allegations in this paragraph.

30.     Plaintiff denies the allegations in this paragraph.

31.     Plaintiff denies the allegations in this paragraph.

32. Plaintiff denies the allegations in this paragraph.

33. Plaintiff denies the allegations in this paragraph.

## Count I (Abuse of Process)

34. Plaintiff incorporates his responses to paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiff denies the allegations in this paragraph.

36. Plaintiff denies the allegations in this paragraph.

37. Plaintiff denies that any of the actions listed in paragraph 37 constitute overt or willful acts as used in South Carolina cases on abuse of the process, denies that any action he took constitutes "orchestrating" a TCPA claim against Westgate, as the TCPA violation was complete when he received an illegal robo-call promoting Westgate, Mr. Fitzhenry admits that he used the name Mark Henry to further his legitimate investigation as to who was responsible for the illegal robo-call to his home, admits that he conducted his investigation by continuing conversation with the agents, denies that he committed fraud and denies the remaining allegations in paragraph 37.

38. Plaintiff denies the allegations in this paragraph.

39. Plaintiff denies the allegations in this paragraph.

40. Plaintiff admits that this paragraph states one of the objectives of the TCPA, and denies that it is the only legitimate objective of the TCPA.

41. Plaintiff admits that the among other remedies and causes of action, the TCPA provides statutory damages of $500 per call (up to $1,500 on a showing of willfulness) for unsolicited robo-calls to residential phone lines. Plaintiff denies the remaining allegations in this

paragraph as the TCPA contains no requirement that the calls be "unwanted" nor does the TCPA describe the damages as "modest."

42. Plaintiff denies the allegations in this paragraph.

43. Plaintiff denies the allegations in this paragraph.

44. Plaintiff denies he did anything to lure anyone to call him, and the remaining allegations in this paragraph.

45. Plaintiff denies the allegations in this paragraph.

46. Plaintiff admits that this is one of the legitimate objectives of a class action, but denies that it is the only such objective.

47. Plaintiff states that the requirement of Federal Rule 23 as stated in the rule and relevant cases speak for themselves, denies that he is "differently situated" and engaged in a "business enterprise" or that he is a professional plaintiff, and denies the remaining allegations in this paragraph.

48. Plaintiff denies the allegations in this paragraph.

49. Plaintiff denies the allegations in this paragraph.

50. Plaintiff denies the allegations in this paragraph.

51. Plaintiff denies the allegations in this paragraph.

52. Plaintiff denies the allegations in this paragraph.

**Count II (Violation of South Carolina Unfair Trade Practices Act)**

53. Plaintiff incorporates his responses to paragraphs 1 through 33 as if fully set forth herein.

54. Plaintiff denies that paragraph 54 sets forth a complete description of the circumstances under which the South Carolina Unfair Trade Practices Act, and states that

additional requirements are set forth therein, including but not limited to that the purportedly unfair or deceptive act take place in commerce, and that it have an impact on the public interest, not merely one company

55. Plaintiff admits that the case which Westgate cites (the correct caption and citation to which is: *deBondt v. Carlton Motorcars, Inc.,* 342 S.C. 254, 536 S.E.2d 399, 2000 S.C. App. LEXIS 144 (July 24, 2000)) states: "A deceptive practice is one which has a tendency to deceive. *Id.* "Even a truthful statement may be deceptive if it has a capacity or tendency to deceive." citing *Young v. Century Lincoln-Mercury, Inc.*, 302 S.C. 320, 326, 396 S.E.2d 105, 108 (Ct. App. 1989), *aff'd in part, rev'd in part on other grounds*, 309 S.C. 263, 422 S.E.2d 103 (1992)."

56. Plaintiff denies that any of the actions listed in paragraph 56 constitute deceptive practices as used in the South Carolina Unfair Trade Practices Act, and denies that any action he took constitutes "manufacturing" a class action against Westgate, as the TCPA violation was complete when he received an illegal robo-call promoting Westgate, Mr. Fitzhenry admits that he used the name Mark Henry to further his legitimate investigation as to who was responsible for the illegal robo-call to his home, admits that he conducted his investigation by continuing conversation with the agents, denies that he committed fraud, denies that he "tricked" the Vacation Station manager into identifying Westgate and denies the remaining allegations in paragraph 56.

57. Plaintiff denies the allegations in this paragraph.

58. Plaintiff denies the allegations in this paragraph.

59. Plaintiff denies the allegations in this paragraph.

Answering further, Plaintiff denies the allegations in the WHEREFORE clause and FURTHER clause asserting that Westgate is entitled to judgment and other relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Westgate's claims fail, in whole or in part, as a matter of law and fact, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Westgate's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Westgate's claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Westgate's claims are barred, in whole or in part, by its failure to mitigate its alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Westgate's claims are barred, because its damages, if any, are the result of its own conduct and/or that of its agents.

### SIXTH AFFIRMATIVE DEFENSE

Westgate's claims are barred, in whole or in part, for failure to plead fraud with particularity.

### SEVENTH AFFIRMATIVE DEFENSE

Westgate's claims are barred, in whole or in part, as being contrary to public policy.

**EIGHTH AFFIRMATIVE DEFENSE**

Westgate's claims are barred, in whole or in part, because Defendant acted at all times in good faith.

**NINTH AFFIRMATIVE DEFENSE**

All of Mr. Fitzhenry's actions were protected by the litigation privilege and Westgate's claims are barred as they are not ripe and they have not alleged any overt act or collateral benefit sought outside the scope of this lawsuit.

**DEFENDANT IN COUNTERCLAIM HEREBY DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.**

Dated: January 13, 2015

    Respectfully submitted,
    /s/ *Lance S. Boozer*
    Lance S. Boozer (Fed ID# 10418) (SC Bar#75803)

**PLAINTIFF'S COUNSEL:**

Lance S. Boozer
The Boozer Law Firm, LLC
807 Gervais Street, Suite 203
Columbia, SC 29201
803-608-5543
lsb@boozerlawfirm.com

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Admitted Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*

## CERTIFICATE OF SERVICE

     I hereby certify that on January 13, 2015, I filed the foregoing through this Court's CM/ECF System and by first class mail to:

Mr. Kevin Lawrence<br>
President, Lily Management and Marketing Company, LLC<br>
6236 Kingspointe Parkway # 9<br>
Orlando, FL 32819

                                          /s/*Lance S. Boozer*
                                          Lance S. Boozer